**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DEBORAH LYNN NEARY,

      Defendant-Appellant.

No. 98-8050

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. No. 96-CR-26)**

---

Before **BALDOCK**, **BARRETT**, and **BRORBY**, Circuit Judges.

---

David A. Kubichek, Assistant United States Attorney, (David D. Freudenthal, United States Attorney, District of Wyoming, with him on the briefs), Casper, Wyoming for Plaintiff-Appellee.

David M. Gosar, Jackson, Wyoming for Defendant-Appellant.

---

**BALDOCK**, Circuit Judge.

---

      Defendant Deborah Lynn Neary appeals the district court's order granting the government's Fed. R. Crim. P. 35(b) motion to reduce her sentence. Defendant argues that the district court misapplied the sentencing guidelines by considering factors other than the assistance she provided to the government in deciding to reduce her sentence by twenty-

three months, instead of by the thirty-three months recommended by the government.

## I. Background

Defendant pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. One of the terms of the plea agreement provided that if Defendant provided substantial assistance to the government, the government would recommend a two-level reduction in Defendant's offense level. Defendant's original offense level was 31, with a criminal history category I, resulting in a guideline range of 108 to 135 months. The government did not file a Rule 35(b) motion prior to sentencing, and the district court sentenced Defendant to 120 months.

The government subsequently filed a Rule 35(b) motion to reduce Defendant's sentence based on the assistance Defendant provided to the government.[1] The motion recommended that the district court reduce Defendant's offense level to 29, with a criminal history category I, resulting in a guideline range of 87 to 108 months. The government further recommended that the district court sentence Defendant at the "low end of said range (87 months)." The district court granted the motion, and reduced Defendant's sentence to 97 months. In doing so, the district court held that "given the defendant's pivotal role in the offense, the Court believes this partial reduction in sentence confers benefit to her for her cooperation with the Government and acknowledges her calculating

---

[1] It is undisputed that Defendant provided substantial assistance to the government. She testified before the grand jury, at a codefendant's sentencing hearing, and at the trial of three individuals implicated by her grand jury testimony. All three were convicted.

participation in the crime."

Defendant filed a motion for reconsideration. During a hearing on the motion, the district court explained that the court had followed the government's Rule 35(b) recommendation when it reduced the offense level by two levels and then sentenced Defendant within the adjusted sentencing range.[2] The district court characterized Defendant's complaint as one of dissatisfaction with a sentence in the middle of the guidelines range, instead of one at the low end of the range. As a result, the district court denied the motion to reconsider.

## II. Jurisdiction

The government argues that we lack jurisdiction to review the district court's grant of a Rule 35(b) sentence reduction. Jurisdiction to review the district court's grant of a Rule 35(b) motion arises, if at all, under 18 U.S.C. § 3742(a). See United States v. McMillan, 106 F.3d 322, 324 n. 4 (10th Cir. 1997) (§ 3742 governs jurisdiction to hear appeals from the disposition of a Rule 35(b) motion). Section 3742 permits Defendant to appeal her sentence only if the sentence:

(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range . . .; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

---

[2] Defendant incorrectly asserts that no record exists of the method employed by the trial judge to reach the new sentencing range. We direct counsel to page 8 of the transcript of the May 22, 1998, hearing on the motion to reconsider.

18 U.S.C. § 3742(a)(1)-(4).  Section 3742 does not normally allow appellate review of a district court's discretionary denial of a downward departure, or review of the amount of a downward departure, if granted.  See United States v. Bromberg, 933 F.2d 895, 896 (10th Cir. 1991).  In an attempt to place her appeal within the confines of § 3742(a)(1), Defendant argues that her sentence was imposed in violation of law because the district court considered a factor other than the assistance she provided to the government in determining her sentence.

Rule 35(b) provides that the district court "may reduce a sentence to reflect a defendant's subsequent substantial assistance . . . in accordance with the guidelines . . . issued by the Sentencing Commission."  Fed. R. Crim. P. 35(b).  Section 5K1.1 of the sentencing guidelines provides for downward departures for substantial assistance and lists five *nonexclusive* factors the court may consider in determining an appropriate reduction.[3] Defendant argues that the district court's consideration of her role in the offense, a factor not contained in § 5K1.1, was an error of law.  The only court to address whether factors

---

[3]  Section 5K1.1(a) provides that "[t]he appropriate reduction shall be determined by the court for reasons stated that *may include, but are not limited to*, consideration of the following:
>  (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>  (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>  (3) the nature and extent of the defendant's assistance;
>  (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>  (5) the timeliness of the defendant's assistance.
U.S.S.G. § 5K1.1(a) (emphasis added).

4

other than substantial assistance may be considered by the district court in determining the size of a Rule 35(b) sentence reduction, rejected Defendant's exclusivity argument. See United States v. Manella, 86 F.3d 201, 204-05 (11th Cir. 1996) (Rule 35(b) does not prohibit consideration of factors other than the defendant's assistance in deciding to what extent a defendant's sentence should be reduced). For the reasons set forth below, we reject Defendant's argument as well.

In this case, the district court granted the Rule 35(b) motion and reduced Defendant's offense level by two to 29, just as the government recommended. The applicable sentencing range for an offense level of 29 with a criminal history category I, is 87 to 108 months. The district court sentenced Defendant to 97 months, well within this sentencing range. Defendant does not dispute the applicability of the 87 to 108 month sentencing range. Defendant does not argue that the district court erred by granting her a downward departure. Instead, Defendant argues that the district court erred in fixing a particular sentence in the appropriate range. Specifically, Defendant invites us to scrutinize the justification offered by the district court for her 97-month sentence. We lack jurisdiction to do so. See United States v. Spradling, No. 90-2030, 1991 WL 230176, at *1 (10th Cir., Nov. 8, 1991) (unpublished). Absent "facial illegality, improper calculations, or clearly erroneous findings," we may not review the district court's decision to impose a sentence at a *particular point* within the proper sentencing range. See United States v. Garcia, 919 F.2d 1478, 1481-82 (10th Cir. 1990)); see also United States v. Neff, No. 90-6263, 1991 WL 99052, at * 1 (10th Cir. June 7, 1991) (unpublished) (reasons underlying district court's

decision to impose a sentence at a particular point within the sentencing range lies within the exclusive discretion of the sentencing court).

Defendant does not allege that the district court's selection of the 97-month sentence resulted from improper calculations or clearly erroneous factfinding.  Instead, Defendant argues that by considering Defendant's role in the offense, the district court took into account a facially illegal factor when sentencing Defendant.   We have interpreted facially illegal sentences as those sentences based on race, gender, or other considerations contravening clearly established public policy.  Garcia, 919 F.2d at 1480; see also U.S.S.G. § 5H1.10 (race, sex, national origin, creed, religion, and socio-economic status are not relevant in the determination of a sentence).   Defendant points to no authority supporting her contention that the district court's consideration of a defendant's role in the offense or degree of participation is unlawful or violates clearly established public policy.  Indeed, the sentencing guidelines explicitly provide for consideration of a defendant's role in the offense in several contexts.  See U.S.S.G. §§ 3B1.1, 3B1.2, 3B1.3, 3B1.4; see also U.S.S.G. § 5H1.7 ("defendant's role in the offense is relevant in determining the appropriate sentence").   Because we conclude that Defendant's sentence was not based on a facially illegal factor, we lack jurisdiction to hear this appeal.

APPEAL DISMISSED.