F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROSHELDON NEGIL JENKINS,

Defendant-Appellant.

No. 99-6340
(D.C. No. 98-CR-244-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant pleaded guilty to distributing crack cocaine. In light of substantial assistance provided to the government pursuant to U.S.S.G. § 5K1.1,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court departed from the applicable sentencing guideline range of 188 to 235 months and imposed a sentence of 120 months, with four years' supervised release and a $100.00 special assessment. Defendant appeals from this sentence on the ground that the district court improperly considered certain allegations of unadjudicated wrongdoing in limiting the degree of downward departure afforded pursuant to § 5K1.1. We dismiss the appeal for lack of jurisdiction under 18 U.S.C. § 3742(a).

Defendant concedes that the extent of a downward departure is generally not subject to review under § 3742(a) (listing permissible grounds for sentencing appeal by defendant). *See* *United States v. McHenry*, 968 F.2d 1047, 1049 (10th Cir. 1992); *see also* *United States v. Neary*, 183 F.3d 1196, 1197 (10th Cir. 1999) (noting same lack of jurisdiction under § 3742(a) in context of appeal from limited departure granted pursuant to Fed. R. Crim. P. 35(b) motion). However, he insists this appeal falls within the scope of § 3742(a)(1), which permits review of sentences "imposed in violation of law." Specifically, he contends the district court acted illegally in considering collateral allegations of domestic abuse because (1) such conduct was unrelated to the factors listed in § 5K1.1 regarding assistance to the government, and (2) the allegations had not been adjudicated in state court or established by evidence adduced in this proceeding.

We rejected a similar attempt to use § 3742(a)(1) as a vehicle to challenge a limited downward departure under § 5K1.1 in *Neary.* As a general matter, we explained that the "facial illegality" necessary to invoke this basis for jurisdiction must entail "race, gender, or other considerations contravening clearly established public policy." *Neary*, 183 F.3d at 1198. In particular, we held there was nothing illegal in the sentencing judge's consideration of matters (the defendant's role and participation in the offense) which were unrelated to the nonexclusive factors listed in § 5K1.1. *See id.* This holding refutes defendant's first objection.

*Neary* did not address the second point raised, regarding the unadjudicated and unsubstantiated nature of the abuse allegations against defendant. But, we have on other occasions held unadjudicated crimes may be considered at sentencing without due process concern. *See Boyd v. Ward*, 179 F.3d 904, 918 (10th Cir. 1999) (following *Hatch v. Oklahoma*, 58 F.3d 1447, 1465 (10th Cir. 1995)), *cert. denied*, 120 S. Ct. 1188 (2000). Far from indicating a public policy against the consideration of such conduct, the Sentencing Guidelines themselves clearly contemplate its use in various contexts, including assessment of relevant conduct under U.S.S.G. § 1B1.3 and imposition of upward departures under U.S.S.G. § 5K2.0. *See, e.g.*, *United States v. Watts*, 519 U.S. 148, 152-54 (1997); *United States v. Big Medicine*, 73 F.3d 994, 997 (10th Cir. 1995). As for substantiation, the abuse in question was identified in government pleadings to

revoke defendant's release on bond, which counsel clearly acknowledged when conceding that "it's probably appropriate that you do weigh that but maybe not as heavily as it would appear on paper," R. Vol. 2 at 23. Under the circumstances, "[t]he court had credible information on [the unadjudicated wrongdoing] which could be considered in sentencing." *United States v. Carr*, 66 F.3d 981, 983-84 (8th Cir. 1995). Further, neither at sentencing nor on appeal has defendant asserted that the arrest information provided by the government was false or that the underlying abuse did not in fact occur. *See id.* at 983 ("due process violation is established only if the defendant shows that the district court relied on materially false information").

Defendant has failed to demonstrate that the extent of the district court's departure--a decision otherwise within its exclusive, unreviewable discretion--was "in violation of law" so as to implicate § 3742(a)(1). "Because we conclude that Defendant's sentence was not based on a facially illegal factor, we lack jurisdiction to hear this appeal." *Neary*, 183 F.3d at 1198.

APPEAL DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-4-