**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROEL LEE LAHI,

Defendant-Appellant.

No. 00-2048
(D.C. No. CR-99-871-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Roel Lee Lahi pleaded guilty to two counts of sexual assault

on a child in violation of 18 U.S.C. §§ 1153(a), 2241(c), and 2246(2)(A) and (D).

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

As part of the plea, Mr. Lahi stipulated that he had 1) used force in committing the offenses, and 2) that the victims were under his care and custody at the time the crimes occurred.  At sentencing, the court imposed enhancements based on those stipulations.

In this appeal, he presents a single issue for the court's consideration.  Mr. Lahi maintains, pursuant to *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), that his sentence must be vacated because he was not put on notice that he was subject to increased penalties under the Sentencing Guidelines.  Specifically, he argues the district court's application of the sentencing enhancements violates  *Apprendi*.  Because we conclude Mr. Lahi has not presented a colorable *Apprendi* claim, however, we dismiss this matter for lack of jurisdiction under 18 U.S.C. § 3742(a).

The only relief which Mr. Lahi seeks is remand for new sentencing.  Thus, we turn first to 18 U.S.C. § 3742(a) for guidance in determining the proper scope of our jurisdiction.  Under that statute, we possess jurisdiction to review sentences imposed "in violation of law, or as a result of an incorrect application of the Guidelines." *See United States v. Garcia*, 919 F.2d 1478, 1479 (10th Cir. 1990).  Because Mr. Lahi argues neither with specificity, the United States maintains we have no authority to consider the issue presented.

In contrast, appellant maintains, based on the *Apprendi* decision, that the issue presented is not one related to sentencing, but rather, one regarding the sufficiency of the indictment. Mr. Lahi argues the indictment was flawed because it did not mention either the "use of force" or "care and custody" enhancement factors which were used to increase Mr. Lahi's sentence. He maintains the failure to mention those factors in the indictment renders it insufficient to support the crime charged. *See United States v. Bullock*, 914 F.2d 1413, 1414 (10th Cir. 1990) (noting "that the failure of an indictment to state an offense is a fatal defect that may be raised at any time"). The argument follows that the resulting sentence is, therefore, illegal.

The essence of Mr. Lahi's argument relates to the sentence itself. Specifically, he maintains the indictment did not include elements which were essential to the sentencing procedure. He does not take issue with any other aspect of the process, and, indeed, admits that prior to *Apprendi* there was no constitutional issue to raise. Moreover, he does not seek remand to withdraw his guilty plea to begin the process over. Rather, he seeks only reconsideration of the sentence. Thus, it is the sentence, and not the indictment procedure, which is at the core of his argument.

Although not argued as such in the opening brief, we conclude this is an argument regarding the constitutional validity of the sentence. *See Garcia*, 919

F.2d at 1479-81 (discussing legislative history of § 3742(a) and noting Congressional intent to limit review of sentences imposed within a proper Guideline range); *see also United States v. Neary*, 183 F.3d 1196, 1198 (10th Cir. 1999) (defining facially illegal sentences "as those based on race, gender, or other considerations contravening clearly established public policy"). Consequently, we consider the arguments presented in that context.

In doing so, however, we conclude Mr. Lahi does not state a reviewable claim. He maintains *Apprendi* applies to cases where, as here, the sentence imposed is within the statutory maximum. This argument is unavailing. *See United States v. Hishaw*, No. 99-6258, 2000 WL 1862788 (10th Cir. Dec. 20, 2000) (concluding defendant could not prevail in showing plain error on *Apprendi* claim where he admitted cocaine possession and received a sentence within the statutory maximum proved at trial).

The maximum penalty for the crime charged is life imprisonment. 18 U.S.C. § 2241(c). Mr. Lahi was sentenced to 188 months' imprisonment. That is at the low end of the applicable guideline range and is significantly lower than the potential maximum. Because the sentence is well below the maximum penalty, Mr. Lahi has not presented a colorable *Apprendi* claim. *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000); *United States v. Angle*, 230 F.3d 113, 121 (4th Cir. 2000); *United States v. Mack*, 229 F.3d 226, 235 n.12 (3d Cir.

2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir.), *cert. denied*, ___ U.S. ___, No. 00-6746, 2000 WL 1634209 (U.S. Nov. 27, 2000); *see also United States v. Jones,* Nos. 97-1377 & 97-1463, 2000 WL 1854077 (10th Cir. Dec. 19, 2000) (concluding district courts may not impose a sentence in excess of the statutory maximum unless drug quantity is included in the indictment and proven beyond a reasonable doubt).  As a result, he cannot make an arguable "violation of law" claim under § 3742(a).[1]

Consequently, the appeal is DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]  We express no view on whether this result would change under a different factual scenario.