**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 19 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

MARCOS FELIX-PACHECO,

     Defendant - Appellant.

No. 00-4136
(D.C. No. 99-CR-256-C)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

Defendant-Appellant Marcos Felix-Pacheco pled guilty to one count of knowingly and intentionally distributing 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, 21 U.S.C. §§ 21 841(a)(1), (b)(1)(A), and aiding and abetting, 18 U.S.C. § 2. I R. doc. 98. In exchange for the plea, the government agreed, <u>inter alia</u>, not to recommend a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

sentence longer than the statutory minimum of 120 months. Id. doc. 84, at 5. After concluding that the applicable sentencing range was 108 to 135 months, the district court sentenced Mr. Felix-Pacheco to 120 months of imprisonment and five years of supervised release. II R. at 6. Mr. Felix-Pacheco appeals from this sentence, asserting that it is "too long" and that he should have been sentenced to 108 months. Aplt. Br. at 4-5. Counsel for Mr. Felix-Pacheco has filed an Anders brief, id. at 5; see Anders v. California, 386 U.S. 738, 744 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."), and concluded "that there are no meritorious grounds for appeal." Aplt. Br. at 5. Counsel has sent a letter to this effect, along with a copy of her brief, to Mr. Felix-Pacheco. Id.; Motion to Withdraw (filed Dec. 18, 2000). Counsel now requests that she be allowed to withdraw as counsel for Mr. Felix-Pacheco. Motion to Withdraw (filed Dec. 18, 2000).

We have reviewed the entire record, including the transcript of the sentencing proceedings and presentence report. Although the district court misstated Mr. Felix-Pacheco's adjusted offense level, failed to address Mr. Felix-Pacheco's acceptance of responsibility, and cited the wrong guideline provision in concluding that Mr. Felix-Pacheco qualified for the safety valve, the district court

sentenced Mr. Felix-Pacheco within the appropriate guideline range.[1]  Mr. Felix-

Pacheco's claim that his sentence is too long is therefore "wholly frivolous"

Anders, 386 U.S. at 744, and we DISMISS his appeal as one not contemplated

under 18 U.S.C. § 3742(a).  United States v. Neary, 183 F.3d 1196, 1198 (10th

Cir. 1999); United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir.1990).

Counsel's motion to withdraw is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1]  Mr. Felix-Pacheco's base offense level was 36, and he had a criminal history category of I.  II R. at 3; III R. at 4-5.  The district court decreased Mr. Felix-Pacheco's sentence two levels because he qualified for the safety valve.  II R. at 3.  In so doing, however, the district court mistakenly referenced § 5K1.2, id., rather than § 5C1.2 and § 2D1.1(b)(6), as the applicable safety valve provision.  See III R. at 4.  We assume that district court adopted the presentence report's recommendation of a three-level downward adjustment for acceptance of responsibility.  Id. at 4-5. The district court determined that the applicable sentencing range was 108 to 135 months.  II R. at 3.  Based on this sentencing range, the adjusted offense level was therefore 31, see U.S.S.G. Ch. 5 Pt. A (1998), not 34 as the district court concluded.  II R. at 3.

These errors do not create an appealable issue--Mr. Felix-Pacheco would have received 151 to 188 months if the district court's calculation of the offense level was in fact correct.  U.S.S.G. Ch. 5 Pt. A. (1998).