**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

YOLANDA JEFFERSON,

Defendant-Appellant.

No. 04-1114
(D.C. No. 99-CR-439-S)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After a jury trial, Yolanda Jefferson was convicted of conspiracy to distribute fifty grams of more of cocaine base in violation of 21 U.S.C. § 846 (count one); possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count two); and possession of firearms

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in furtherance of the drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1) (count four). The district court sentenced Ms. Jefferson to concurrent 300-month terms of imprisonment on counts one and two and a consecutive 60-month term on count four, for a total term of 360 months.

Ms. Jefferson filed a timely notice of appeal of her conviction and sentence. After agreeing to cooperate with the government in its investigation and prosecution of other individuals, Ms. Jefferson filed a motion for voluntary dismissal of her appeal, which we granted. In exchange for Ms. Jefferson's cooperation and the dismissal of her appeal, the government agreed to seek a fifty percent reduction in Ms. Jefferson's sentence pursuant to Fed. R. Crim. P. 35(b). The district court granted the government's motion and reduced Ms. Jefferson's sentence to a term of 180 months. She now appeals, raising issues pursuant to *Blakely v. Washington*, 124 S.Ct. 2531 (2004). We dismiss Ms. Jefferson's appeal for lack of jurisdiction.

Ms. Jefferson contends she is entitled to resentencing pursuant to *Blakely* because the district court erred in imposing a sentence based upon facts not proven beyond a reasonable doubt to a jury. It is uncontested Ms. Jefferson's jury did not consider the total amount of cocaine that could be attributed to her over and above the fifty grams of cocaine base that was necessary for her conviction. Moreover, Ms. Jefferson objected at her original sentencing hearing to the amount

of cocaine base attributed to her by the Presentence Report (PSR). The district court found the government had proved by a preponderance of the evidence that Ms. Jefferson's offense involved 1.5 kilograms of cocaine. Due to this finding, the district court calculated Ms. Jefferson's base offense level at 38 pursuant to U.S.S.G. § 2D1.1(c)(1).

Ms. Jefferson concedes that she abandoned her challenge to the quantity of cocaine attributed to her in her original appeal. In fact, Ms. Jefferson's sole argument there was that the district court erroneously counted uncounseled misdemeanor convictions in calculating her criminal history category. Ms. Jefferson waived her Sixth Amendment argument by failing to raise it on direct appeal. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004).

Ms. Jefferson insists that this court should nevertheless review her original sentence for plain error. We are not persuaded. Ms. Jefferson abandoned the direct appeal of her conviction and sentence in exchange for the government's agreement to seek a Rule 35(b) reduction. We are therefore not confronted with a situation where a defendant has neglected to preserve an issue for appeal; rather, we are faced with a defendant who voluntarily abandoned her appeal. Ms. Jefferson simply cannot resurrect a direct appeal of her original sentence which she voluntarily forfeited simply because the district court subsequently resentenced her pursuant to a Rule 35(b) hearing.

Alternatively, Ms. Jefferson contends we should review her reduced sentence because it contains an "inherent, lurking" *Blakely* error. Jurisdiction to hear appeals from the resolution of a Rule 35(b) motion is governed by 18 U.S.C. § 3742, which does not normally permit review of the amount of a downward departure. *United States v. Neary*, 183 F.3d 1196, 1197 (10th Cir. 1999). Ms. Jefferson contends her new sentence was imposed in violation of the law and is therefore reviewable under § 3742(a)(1). We disagree. At Ms. Jefferson's Rule 35(b) hearing, the government explained why she was deserving of a fifty percent reduction in her sentence. The district court was persuaded that Ms. Jefferson had substantially assisted the government pursuant to the cooperation agreement and sentenced her accordingly. The court's actions do not implicate the Supreme Court's recent holding in *United States v. Booker*, 125 S.Ct. 738 (2005). The court neither engaged in any judicial fact-finding nor acted under the false impression that it was mandated or required to reduce Ms. Jefferson's sentence.[1] Ms. Jefferson's reduced sentence was not imposed in violation of the law. Thus, we lack jurisdiction over this appeal under § 3742(a)(1).

---

[1] Ms. Jefferson has requested permission to submit supplemental briefing regarding *United States v. Booker*, 125 S. Ct. 738 (2005). As a result of our decision today, we deny that motion as moot.

For the reasons stated above, this appeal is dismissed for want of jurisdiction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge