SILER, Circuit Judge, concurring.
I concur with the result in this case, that is, that the district court did not commit error in the sentencing of both defendants. However, I respectfully disagree with the majority opinion on the effect of the alleged waivers in the plea agreements.
In the plea agreement by Brianna Dellheim, she waived any rights she had to the appeal and the right to collaterally attack the sentence. We have previously upheld a waiver of the right to appeal in United States v. McGilvery, 403 F.3d 361, 363 (6th Cir.2005), so it is not legally impossible. Nevertheless, based on the colloquy among the court, Brianna, and counsel for both sides, as related in the majority opinion, it appears that the plea agreement was orally modified, so Brianna could appeal an “unlawful sentence.” Therefore, I believe that Brianna had the same rights to appeal as did Robert Dellheim under his plea agreement where he gave up the right to appeal and to collaterally attack “any lawful sentence.”
It is at this point where I depart from the majority opinion, for I believe that this language means that Robert and Brianna gave up most of their rights to appeal. The waiver to appeal or collaterally attack a “lawful sentence” means that if the court sentenced the defendant within the parameters of the statutory penalty, the appeal is waived. Thus, if the court were to sentence either defendant for a term of more years than is allowed under the penalty provisions for the offense charged, that defendant could appeal. Neither of the defendants in this case claims that the sentence rendered was greater than the statutory penalty provided in Count 1 (10 years to life), Count 2 (5-40 years), or Count 3 (up to 10 years). I would follow the general guidance from United States v. Antillon-Gutierrez, 77 Fed.Appx. 480, 481 (10th Cir.2003) (unpublished), although I do not think it is necessary for this court to analyze all of the limits under the definition of “illegal sentence” or “unlawful sentence.” It is sufficient if we find that an unlawful sentence does not include an enhancement for possession of a dangerous weapon under the Sentencing Guidelines, where the final sentence did not exceed the statutory limit.
Therefore, I would dismiss the appeals of both defendants under the decision in McGilvery.