**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STACY LYMAN,

Defendant-Appellant.

No. 07-4215
(D.C. No. 06-CR-144-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Stacy Lyman pleaded guilty to one count of possession of a firearm in

furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) and

one count of possession of marijuana with intent to distribute it in violation of

21 U.S.C. § 841. He was sentenced to 78 months' imprisonment. The "Statement

by Defendant in Advance of Plea of Guilty" (the plea agreement) between

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Mr. Lyman and the government contained a waiver of appellate rights. Nevertheless, Mr. Lyman appealed the district court's failure to grant him a downward departure under Sentencing Guideline § 5K2.13. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Lyman responded to the government's motion, arguing that his appeal is not within the scope of the waiver. Having considered the motion and the response, we grant the government's motion and dismiss the appeal.

### *Timeliness of Motion*

Tenth Circuit Rule 27.2(A)(3) (effective through December 31, 2007) required that a motion to enforce an appeal waiver be filed within fifteen days of the filing of the notice of appeal, unless the government showed good cause for a later filing. The government asserts that it could not file its motion until it received a copy of the transcript of the plea hearing on November 15, 2007. We conclude that the government has shown good cause for not filing its motion within fifteen days of the filing of the notice of appeal.

### *Hahn Analysis*

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. The

-2-

miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation omitted).

*Within Scope of Waiver*

Our first inquiry is whether the issues Mr. Lyman seeks to appeal are within the scope of the appellate waiver. The plea agreement states:

> 8. I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.
>
> . . .
>
> 10. Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any legal sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

Mot., Attach. A, at 3-4. Mr. Lyman argues that his appeal is not within the scope of the waiver because the waiver covers only "legal" sentences, and his sentence is not legal because the district court erred as a matter of law in interpreting Sentencing Guideline § 5K2.13. Mr. Lyman relies on the recent Supreme Court decision in *Gall v. United States*, 128 S. Ct. 586 (2007), for the proposition that the interpretation of the Guidelines is a question of law and that a sentence based on a legally erroneous view of the Guidelines is not a "legal" sentence.

Because the waiver covers only "legal" sentences, it does not bar an appeal of an illegal sentence. But the type of error of which Mr. Lyman complains (where his sentence is allegedly the result of an incorrect application of the Guidelines but still within the maximum permitted by statute) would result in an "erroneous" sentence, not an "illegal" one. *See United States v. Brown*, 316 F.3d 1151, 1160 & n.4 (10th Cir. 2003). This court has defined an "illegal sentence" as one which is " ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir.1997) (quotation omitted). This court has also held that the term "illegal sentence" refers to cases in which the sentence imposed exceeds the statutory maximum, *see United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 n.10 (10th Cir. 2005); the sentence is unconstitutional, *see United States v. Groves*,

369 F.3d 1178, 1182 (10th Cir. 2004); the sentence exceeds the court's statutory jurisdiction, *see United States v. Hudson*, 483 F.3d 707, 710 (10th Cir. 2007); or the sentence is based on race, gender, or other considerations contravening clearly established public policy, *see United States v. Neary*, 183 F.3d 1196, 1198 (10th Cir. 1999) (construing the term "facially illegal sentence"). Mr. Lyman has not argued, nor do the materials before us suggest, that his sentence is deficient in any such fundamental respect.

We are not convinced that *Gall*, which addresses the appellate standard of review of sentences falling outside the applicable Guidelines range, affects this court's narrow definition of "illegal sentence" in the context of appellate waivers. Further, Mr. Lyman's argument is predicated on the premise that the district court erred as a matter of law in interpreting § 5K2.13. A review of the sentencing transcript, however, reveals that the district court first made the factual finding that Mr. Lyman does not have a significantly reduced mental capacity, a necessary predicate to applying § 5K2.13. Mot., Attach. C at 14. The discussion of the availability of a § 5K2.13 reduction in Mr. Lyman's circumstances, as a matter of law, was a second rationale for the court's decision not to depart. *Id.* at 14-15. Thus, even if the district court erred in its legal interpretation, its decision would still be fully supported by its factual determination, and that factual determination falls squarely within the appellate waiver.

*Knowing and Voluntary Waiver*

In determining whether Mr. Lyman's appeal waiver was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Lyman bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quotation omitted). Mr. Lyman has not fulfilled that burden.

The plea agreement states that Mr. Lyman, "fully understanding [his] limited right to appeal," "knowingly, voluntarily and expressly waive[d his] right to appeal." Mot., Attach. A, at 3-4. Further, he represented that "no threats or promises of any sort have been made to [him] to induce [him] or to persuade [him] to enter this plea," *id.* at 6, "[he had] discussed this case and this plea with [his] lawyer as much as [he] wish[ed] to," *id.*, and "[his] decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of [his] rights, the facts and circumstances of the case and the consequences of the plea," *id.* at 7. Thus, the language of the plea agreement indicates that Mr. Lyman entered the agreement knowingly and voluntarily.

Moreover, it appears that the district court conducted an adequate Rule 11 colloquy. The court specifically addressed the appellate waiver, as required by Fed. R. Crim. P. 11(b)(1)(N):

> [T]he plea agreement does have a waiver of your appellate rights. If I understand that, counsel, correct me if I'm wrong as I try to represent this to Mr. Lyman, you will be waiving any right to appeal any sentence I impose upon you – any legal sentence, unless that sentence is above the statutory maximum sentence.

Mot., Attach. B at 15-16; *see also id.* at 13 (prosecutor's description of appellate waiver and Mr. Lyman's acknowledgment of understanding). In addition, during the plea hearing the parties and the court discussed a wording change in the waiver paragraph. *Id.* at 3-4.

Both the plea agreement and the Rule 11 colloquy support a finding of a knowing and voluntary waiver. Mr. Lyman has not identified any evidence to contradict such a finding. Accordingly, we find that Mr. Lyman's waiver was knowing and voluntary.

### *Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Mr. Lyman's sentence did not exceed the statutory maximum and there is no indication that it relied on an impermissible factor. There is no indication in this record that his counsel was ineffective in connection with the negotiation of the waiver, and in any event, ineffective-assistance of counsel claims usually are best addressed in collateral proceedings. And there is no indication that the waiver is otherwise unlawful. Accordingly, enforcing the waiver would not result in a miscarriage of justice.

The motion to enforce plea agreement is GRANTED and the appeal is

DISMISSED.


ENTERED FOR THE COURT
PER CURIAM