**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAXIMINO GARCIA,

Defendant-Appellant.

No. 09-3269

(D. of Kan.)

(D.C. No. 03-CR-20061-1-CM)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Maximino Garcia, a federal prisoner appearing pro se and in forma pauperis,[1] appeals the district court's failure to compel the government to file a motion to reduce his sentence under Rule 35 of the Federal Rules of Criminal Procedure. The district court found that Garcia's motion was moot, because the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Garcia is proceeding pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

government had already filed, and the district court had already granted, a motion for sentence reduction pursuant to Rule 35.

Because we lack jurisdiction under 18 U.S.C. § 3742, we DISMISS the appeal.

## I. Background

Garcia pleaded guilty to conspiring to distribute methamphetamine on January 5, 2004, and was sentenced to 292 months' imprisonment on April 6, 2004. On August 19, 2005, the government filed a Rule 35(b) motion seeking a 60-month reduction of Garcia's sentence for substantially assisting in the prosecution of another. The district court granted the government's motion that same day.

Garcia filed a motion on July 26, 2007, requesting information concerning a reduction of his sentence under Rule 35. The July 26 motion suggested Garcia was unaware of the contents of both the government's motion and the district court's order of August 19, 2005, which had been filed under seal. The district court denied the motion, stating that Garcia should seek copies of those documents from his counsel.

On July 27, 2009, Garcia filed the motion giving rise to this appeal. In that motion, he alleged the government did not fulfill its agreement to file a Rule 35 motion to reduce his sentence in exchange for his substantial assistance. Garcia requested the district court compel the government to file such a motion. The

government responded to Garcia's motion by noting that he had already received—on August 19, 2005—the relief he sought to compel. The district court, acknowledging that a Rule 35 reduction of 60 months had already been requested and granted, denied the July 27 motion as moot.

Garcia filed his notice of appeal on September 21, 2009. On appeal, for the first time, he contends that his sentence was not reduced adequately due to an unconstitutional motive and bad faith.

## II. Discussion

We lack jurisdiction to hear Garcia's appeal under § 3742 and therefore must dismiss the appeal. "Jurisdiction to review the district court's grant of a Rule 35(b) motion arises, if at all, under 18 U.S.C. § 3742(a)." *United States v. Neary*, 183 F.3d 1196, 1197 (10th Cir. 1999). Section 3742 permits a defendant to appeal his sentence only if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range . . .; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a)(1)–(4). Section 3742 does not normally permit review of the amount of a downward departure. *See Neary*, 183 F.3d at 1197.

The government moved to reduce Garcia's sentence by 60 months pursuant to Rule 35(b)(2)(B). Upon the government's motion, that rule allows the district court to reduce the sentence of a defendant who provides information within one year of sentencing that does not substantially assist the government until more than one year after sentencing. *See* FED. R. CRIM. P. 35(b)(2)(B). The district court granted the government's request, reducing Garcia's sentence from 292 to 232 months' imprisonment.

Garcia now contends that reduction of his sentence was inadequate. He asserts that the government promised him it would move for an adequate reduction in exchange for his cooperation, that his sentence was reduced by only a small margin, and that those circumstances evidence an unconstitutional motive and bad faith. Although Garcia does not reference § 3742 in his brief to this court, based on a broad construal of his statements, he appears, for purposes of that statute, to claim that his sentence was unlawfully imposed. Garcia's allegations, however, are insufficient to support such a claim.

First, Garcia fails to identify, and we cannot discern, which particular provisions of the law were supposedly violated. Second, Garcia does not allege specific facts that demonstrate an unconstitutional motive, irrationality, or bad faith influenced the sentence reduction he received.[2] Finally, Garcia does not

---

[2] A district court may review the government's refusal to file a substantial assistance motion only in limited circumstances, including to determine whether
(continued...)

-4-

allege specific facts showing that the government breached an agreement with him by moving to reduce his sentence by less than it previously agreed it would.[3]

Accordingly, because Garcia does not set forth a sufficient claim under § 3742, the court is without jurisdiction to hear his appeal.

### III. Conclusion

For the foregoing reasons, we DISMISS the appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[2](...continued)
is was "(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *United States v. Duncan*, 242 F.3d 940, 947 (10th Cir. 2001) (analyzing 18 U.S.C. § 3553(e) and USSG § 5K1.1 ); *United States v. Evans*, 955 F.2d 34, 35 (10th Cir. 1992) ("Because of their overlapping subject matter and similarities in language, it is instructive to examine and compare [] § 5K1.1 and [] § 3553(e) when interpreting Rule 35(b)." (internal parentheticals omitted)).  Also, "[a]bsent an unconstitutional motive, the extent to which a district court exercises its discretionary authority to depart downward is not subject to review." *United States v. Williams*, --- F.3d ---, No. 08-3606, 2009 WL 5125273 (8th Cir. Dec. 30, 2009).

[3]  In addition to reviewing the government's decision not to file a substantial assistance motion for unconstitutional motive and irrationality, a district court may review such a refusal if the defendant claims the refusal violates an agreement.  *See Duncan*, 242 F.3d at 945 n.6.

-5-