# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2013

No. 11-11232

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ANTHONY WAYNE LIGHTFOOT, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Anthony Wayne Lightfoot, Jr., appeals the judgment of the district court reducing his original sentence pursuant to Federal Rule of Criminal Procedure 35(b) after he provided substantial assistance to the Government. Lightfoot contends that the district court erred by failing to consider the factors set forth in 18 U.S.C. § 3553(a). We affirm.

**I**

Lightfoot pleaded guilty to possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At the original sentencing hearing, the district court sentenced Lightfoot to a 310-month term of

## No. 11-11232

imprisonment. At that hearing, the district court considered assistance Lightfoot had already provided to the Government and explained that, if not for Lightfoot's assistance, the district court would have been inclined to impose a prison term of 445 to 450 months. The court also stated on the record that it had considered the factors set forth in § 3553(a) in arriving at the length of Lightfoot's sentence. This court later dismissed Lightfoot's direct appeal as frivolous.

Three years later, the Government filed a motion under Federal Rule of Criminal Procedure 35(b)(2) to reduce Lightfoot's sentence based on substantial assistance he had provided the Government in other cases following his original sentencing. After reviewing the evidence of Lightfoot's aid to the Government, the district court determined that Lightfoot was not entitled to a significant reduction of his sentence because the information he provided was duplicative of that provided by other witnesses and the possibility of Lightfoot's testifying at a future trial had been taken into account at his original sentencing. Nevertheless, the district court concluded that it would "give Lightfoot the benefit of the doubt by ordering a further reduction of his sentence of 24 months." The court then reduced Lightfoot's term of imprisonment from 310 months to 286 months. This appeal followed.

## II

As an initial matter, we must address our jurisdiction. The Government contends that the only possible basis for jurisdiction of Lightfoot's appeal of his modified sentence is 18 U.S.C. § 3742(a)(1), which provides that a defendant may appeal a final sentence if it "was imposed in violation of law."[1] The Government argues that the district court was not required to consider the § 3553(a) factors

---

[1] 18 U.S.C. § 3742(a)(1).

when it modified the sentence under Rule 35(b) and therefore that the sentence modification was not imposed in violation of law.

The Government's argument is misplaced. Lightfoot appears to contend that the district court mistakenly believed that it did not have the legal authority to consider the § 3553(a) factors. If the district court's "sentencing decision rested on a mistaken belief that it lacked the legal power to"[2] consider the § 3553(a) factors and § 3553(a) and 18 U.S.C. § 3582 required consideration of those factors, then the provision in § 3742(a) regarding a sentence that "was imposed in violation of law" would apply.[3]

Lightfoot seems to contend, alternatively, that the district court thought it had the authority to consider the § 3553(a) factors but chose not, or simply failed, to apply them. Even were we ultimately to conclude that the district court was *prohibited* from considering the § 3553(a) factors and therefore that Lightfoot's sentence was not "imposed in violation of law," the Supreme Court has explained in a context similar to the present case that we "always [have] jurisdiction to determine [our] own jurisdiction."[4] To make the determination as to whether Lightfoot's sentence was "imposed in violation of law," we must

---

[2] *United States v. Ruiz*, 536 U.S. 622, 627 (2002).

[3] *See id.*

[4] *Id.* at 628 ("Although we ultimately conclude that respondent's sentence was not 'imposed in violation of law' and therefore that § 3742(a)(1) does not authorize an appeal in a case of this kind, it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

address the merits.[5] Our conclusion that we have jurisdiction is consistent with decisions of other circuit courts.[6]

Because we conclude that we have jurisdiction of this appeal, we do not consider Lightfoot's contention that we would have jurisdiction under 28 U.S.C. § 1291, which confers jurisdiction over final decisions of district courts.

## III

Lightfoot does not explicitly articulate the standard of review that should govern his appeal, but he argues that a sentence imposed without adequate explanation cannot be deemed reasonable on appeal, his sentence is invalid because there was no on-the-record reference to the factors contained in

---

[5] *Id.* ("In order to make [the determination of whether the appellate court had jurisdiction of an appeal from a sentence], it was necessary for the Ninth Circuit to address the merits. We therefore hold that appellate jurisdiction was proper."); *see also In re Sealed Case*, 449 F.3d 118, 122 (D.C. Cir. 2006) ("As have other appellate courts, this Court has looked to the allegations and not to the merits to determine whether there is jurisdiction under § 3742(a)(1).").

[6] *E.g.*, *United States v. Davis*, 679 F.3d 190, 194 (4th Cir. 2012) ("[Section] 3742(a)(1) does vest a court of appeals with jurisdiction to hear challenges to the lawfulness of the method used by the district court in making its sentencing decision."); *United States v. Grant*, 636 F.3d 803, 809 (6th Cir.) (en banc) ("Grant claims that the district court committed an error of law by misapprehending the factors it was allowed to consider in deciding the Rule 35(b) motion. Therefore, his appeal is subject to our jurisdiction under 18 U.S.C. § 3742(a)(1)."), *cert. denied*, 131 S. Ct. 371 (2011); *United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003) ("Doe contends that his sentence was imposed in violation of law because the district court considered factors other than his substantial assistance to the government in denying the government's Rule 35(b) motion. Because we are being asked to determine if Doe's sentence was imposed in violation of law, jurisdiction is proper under § 3742(a)(1)."); *United States v. McDowell*, 117 F.3d 974, 978 (7th Cir. 1997) ("McDowell . . . asserts that the court improperly considered factors it had already taken into account at his original sentencing . . . . He thereby alleges an error of law subject to our jurisdiction under section 3742(a)."); *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996) (per curiam) ("Manella claims that the court misapplied Rule 35(b) by considering factors other than his substantial assistance. Thus, Manella's claim is that his sentence was imposed in violation of law."). *But see United States v. McAndrews*, 12 F.3d 273, 277 (1st Cir. 1993) ("[T]he appealability of an order resolving a Rule 35(b) motion is not controlled by 18 U.S.C. § 3742 because such an order is not, properly speaking, a sentence.").

No. 11-11232

§ 3553(a), and his sentence must be deemed unreasonable because the sentence reduction was not supported by a satisfactory statement of reasons.

The Government maintains that our review is for plain error. Although the district court did not conduct a hearing on the Government's Rule 35(b) motion, the district court explicitly invited Lightfoot to "file a response in support of [the Government's Rule 35(b)] motion, providing to the court any information he has that would bear on the request made by such motion." Lightfoot made no arguments regarding the § 3553(a) factors in his response. Nor did Lightfoot object or seek reconsideration after the district court modified his sentence. Though afforded an opportunity to present his position to the district court before it ruled on the Rule 35(b) motion, Lightfoot did not call to the district court's attention any argument that it was required or at least permitted to consider § 3553(a) factors. Accordingly, the burden arguably is on Lightfoot to demonstrate that the district court erred and that the error was plain.[7] However, as we explain below, the district did not commit error, plain or otherwise, and we therefore need not determine if plain error review is applicable in this case. We will assume that it is not.

## IV

A sentence my be modified after its initial imposition in some circumstances, one of which is outlined in § 3582(c)(1)(B).[8] It provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[9] Under Rule 35(b) a court may, upon motion by the Government,

---

[7] *See, e.g.*, *United States v. Misher*, 99 F.3d 664, 669 (5th Cir. 1996). *But see* FED. R. CRIM. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").

[8] 18 U.S.C. § 3582(c)(1)(B).

[9] *Id.*

No. 11-11232

"reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."[10] In the present case, the Government moved for a sentence reduction three years after the district court had sentenced Lightfoot to 310 months of imprisonment.

Lightfoot contends that the district court was required by § 3553(a) to consider the factors set forth in that section not only when his original sentence was imposed but also when the district court considered the Government's subsequent motion for a reduction in sentence. The proper construction of the sentencing statutes is a question of law that we consider *de novo*.[11]

Lightfoot rests his positions entirely on the text of § 3553(a). He has not responded to the Government's arguments pertaining to § 3582. We find no support in either § 3553 or § 3582 for Lightfoot's position that a district court is *required* to consider the § 3553(a) factors in ruling on a Rule 35(b) request for sentence reduction. To the contrary, these provisions lead to the conclusion that Congress has not required district courts to consider the § 3553(a) factors when reducing a sentence under Rule 35(b).

It is abundantly clear when § 3582 is considered that the § 3553(a) factors must be applied when *imposing a sentence* but when *modifying* a sentence that has already been imposed, their application is only required in statutorily enumerated circumstances. Subsection (a) of § 3582 sets forth the factors to be considered in determining, as an initial matter, whether to impose a term of imprisonment and, if imprisonment is to be imposed, the length of that term.[12] Subsection (c) then states that a "court may not modify a term of imprisonment

---

[10] FED. R. CRIM. P. 35(b)(1). Rule 35(b)(2) in turn provides additional conditions when the Government makes its motion more than a year after the defendant was originally sentenced, as in this case. FED. R. CRIM. P. 35(b)(2).

[11] *See United States v. Salazar*, 542 F.3d 139, 144 (5th Cir. 2008).

[12] 18 U.S.C. § 3582(a).

*once it has been imposed except*" in limited circumstances.[13] Section 3582 draws a distinction between the *imposition of a sentence* and the *modification of an imposed term of imprisonment.* This court has explained that there are procedural differences between original sentencing proceedings and modification proceedings.[14]

Subsection (c) of § 3582 specifies when the § 3553(a) factors are to be considered in modifying a sentence and, by implication, when they are not.[15] A modification under Rule 35(c) is not among the instances in which consideration of the § 3553(a) factors is expressly required by § 3582(c).[16] Subsection (c) of § 3582 describes only three circumstances in which a sentence may be modified. One is when the Director of the Bureau of Prisons moves for a reduction, and there are either extraordinary and compelling reasons that warrant such a reduction or the defendant is at least 70 years of age and other prescribed conditions are met.[17] In such a situation, the court is directed to consider the § 3553(a) factors.[18] Another circumstance in which a court may modify a sentence is when a sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission.[19] Courts are directed

---

[13] *Id.* § 3582(c).

[14] *See generally United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (quoting *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009)) ("'[T]here are clear and significant differences between original sentencing proceedings and sentence modification proceedings.'").

[15] 18 U.S.C. § 3582(c).

[16] *Id.* § 3582(c)(1)(B).

[17] *Id.* § 3582(c)(1)(A).

[18] *Id.*

[19] *Id.* § 3582(c)(2).

to consider the § 3553(a) factors "to the extent that they are applicable."[20]  The third circumstance set forth in § 3582(c) that permits sentence modification, § 3582(c)(1)(B), under which Lightfoot's reduction falls, provides for modification "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[21]  In contrast to the two other enumerated circumstances in § 3582(c) permitting modification, subsection (c)(1)(B) does not direct courts to consider the § 3553(a) factors.  One explanation for this is that the nature of a sentence reduction under Rule 35 differs from the other two circumstances permitting modification described in § 3582(c).  In the other two circumstances, a sentencing court would be approaching the requested modification with many more considerations than simply the extent to which the defendant assisted in the investigation or prosecution of another person.  An inquiry regarding assistance to law enforcement officials is a much more narrowly focused inquiry.

But regardless of the reasoning that may underpin the omission of a directive to reconsider the § 3553(a) factors when modifying a sentence after a defendant has provided assistance to law enforcement officials, the omission is indicative of congressional intent.  When Congress wanted courts to reconsider the § 3553(a) factors in granting a modification under § 3582(c), it explicitly said so.  If the directives in § 3553(a) and § 3582(a) to consider the § 3553(a) factors applied of their own force to all sentence modifications, it would have been unnecessary for Congress to specify that a court should reconsider the § 3553(a) factors in proceedings under §§ 3582(c)(1)(A) and (c)(2).

The two circuits that have directly addressed whether a district court *must* consider the § 3553(a) factors in ruling on a Rule 35(b) motion have held that

---

[20] *Id.*

[21] *Id.* § 3582(c)(1)(B).

courts are not required to apply these factors.[22]  Although a number of circuits have held that a district court *may* consider the § 3553(a) factors in ruling on a Rule 35(b) motion, none has held that a district court *must* consider the factors.[23] Moreover, in those circuits that permit, but do not require, consideration of the factors, all but one would nevertheless preclude a court from weighing the factors in the way desired by Lightfoot—i.e., to increase the extent of a sentence reduction.  The near-universal rule in our sister circuits is that a district court may consider the factors only to shorten the length of time a sentence is reduced under Rule 35(b).[24]  We need not resolve today whether a court *may* consider the § 3553(a) factors and if so, how they may be applied because our determination that a district court is not required to consider those factors resolves Lightfoot's appeal.

If the district court concluded that it was not required to apply the § 3553(a) factors, it was correct and did not err in giving those factors no weight. The record is silent as to whether the district court was under the impression that it was *prohibited* from considering the § 3553(a) factors.  But even were the court operating under that assumption and assuming that courts do have discretion to consider the § 3553(a) factors, we are satisfied that any error was

---

[22]  *United States v. Grant*, 636 F.3d 803, 815-16 (6th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 371 (2011); *United States v. Tadio*, 663 F.3d 1042, 1052 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2703 (2012).

[23] *United States v. Davis*, 679 F.3d 190, 195-96 (4th Cir. 2012); *Tadio*, 663 F.3d at 1052; *United States v. Rublee*, 655 F.3d 835, 839 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1647 (2012); *United States v. Chapman*, 532 F.3d 625, 629 (7th Cir. 2008) ("[W]e conclude that the district court did not act in violation of the law when it considered the defendants' prior criminal histories and the seriousness of their offenses in determining the extent of the reductions granted under Rule 35(b)."); *United States v. Neary*, 183 F.3d 1196, 1198 (10th Cir. 1999); *United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996) (per curiam).

[24] *Rublee*, 655 F.3d at 839; *United States v. Shelby*, 584 F.3d 743, 748-49 (7th Cir. 2009); *Manella*, 86 F.3d at 204; *see Davis*, 679 F.3d at 196-97; *Neary*, 183 F.3d at 1198.  *But see Tadio*, 663 F.3d at 1052.

harmless. There is no indication that the § 3553(a) factors had any bearing on the question before the district court, which was whether to grant the Government's motion for a sentence reduction and if so, the length of that reduction based on the assistance Lightfoot provided. Lightfoot points to no evidence that pertains to any of the § 3553(a) factors and has offered no explanation of how any of those factors *might*, even possibly, have altered the outcome of the district court's deliberations. Lightfoot has not identified a single factor that the district court should have, but did not, take into account.

## V

Lightfoot contends that the district court erred in failing to give adequate reasons for the length of the sentence reduction, arguing that 18 U.S.C. § 3553(c)(1) applies to sentence modification proceedings.[25] We need not decide

---

[25] 18 U.S.C. § 3553(c)(1) provides:

(c) Statement of reasons for imposing a sentence.--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--

(1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

If the court does not order restitution, or orders only partial restitution, the court shall include in the statement the reason therefor. The court shall provide a transcription or other appropriate public record of the court's statement of reasons, together with the order of judgment and commitment, to the Probation System and to the Sentencing Commission, and, if the sentence

## No. 11-11232

that issue, however, since the district did provide adequate reasons in ruling on the motion for reduction of Lightfoot's sentence.[26]

\*      \*      \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

includes a term of imprisonment, to the Bureau of Prisons.

[26] *Cf. United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (holding in a case involving a reduction due to the lowering of a sentencing range by the Sentencing Commission that even though § 3582(c)(2) expressly requires the sentencing court to consider the § 3553(a) factors, a court is not required to provide the reasons for selecting the length of the sentence reduction).