# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51061

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFERY NEWTON SHARP, JR.,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-78-1

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Appellant Jeffrey Newton Sharp, Jr., appeals his conviction and sentence for possession of a firearm by a convicted felon. We AFFIRM.

## FACTS AND PROCEEDINGS

Sharp pleaded not guilty to possession of a firearm by a convicted felon. At a one-day jury trial, the government adduced the following facts. On March 16, 2014, two police officers from the Waco Police Department responded to a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51061

call that an individual was trespassing at Highland Cove Apartments. Upon arriving at the apartments, the officers learned that the suspect was Sharp. One of the officers, Officer Austin Evans, testified that he had previously told Sharp to leave the apartments. Upon receiving information that Sharp was in one of the apartments, Officer Evans's partner, Officer Adam Brewer, went around to the back of the apartment building in case Sharp tried to run from the police. Meanwhile, Officer Evans knocked on the apartment's door to ask whether Sharp was there. The resident responded that Sharp was not there, at which point Officer Evans heard Officer Brewer yell from behind the building, "[S]top. Police." Officer Brewer testified that he had been looking in a different direction when he heard someone running. Officer Brewer identified himself as a police officer and told the suspect to stop, at which point Sharp stopped, put his hands up, and laid on the ground after Officer Brewer directed him to do so.

Officer Evans then joined Officer Brewer. The officers handcuffed Sharp and frisked him for weapons, discovering a medium-sized knife. The officers then took Sharp to the front of a patrol vehicle, which was in a better-lit area, to perform a more thorough search. During this second search, the officers discovered 41 rounds of .380 ammunition. Sharp told them that he did not have a gun on his person. Instead, the ammunition was in his pocket because he had gone target shooting with friends. Officer Evans then arrested Sharp for criminal trespass. The officers performed a search of the apartment where they suspected he had been staying, but they were unable to find a firearm. Officer Evans then transported Sharp to the McLennan County Jail.

Deputy Justin Harrison of the McLennan County Sheriff's Department was working in the booking area of the jail that day. After Sharp was placed in a cell, he hit the cell's intercom button to ask Deputy Harrison a question about booking. Deputy Harrison testified that he "got[ ] busy doing other

2

things and did not click off the button." While the intercom feed was still live, Deputy Harrison overheard Sharp saying "that Waco PD was so stupid because they didn't find the gun that he tossed right beside him." Deputy Harrison was unsure if Sharp was talking to an inmate in a different cell or if he was talking to himself. After Deputy Harrison's shift ended a short time later, he called Officer Evans and told him about Sharp's statement.

In response, Officers Evans and Brewer returned to the scene to search for the gun, arriving back at the apartments at least 30 minutes after they had left it. According to Officer Evans, they "located a .380 firearm with the magazine a short distance from" where the officers "had initially detained Jeffrey Sharp." Specifically, the officers "had detained the defendant . . . on a ledge. There was a brick wall drop-off and a few feet on the other side of that drop-off and down is where the firearm was located." Officer Evans estimated that the gun was approximately five to six feet from the ledge. The firearm was collected by a crime scene technician. It was found to be an operable Ruger LCP 380 that had been made in Prescott, Arizona, so it had traveled across state lines to reach Texas. It fires .380 ammunition, which is the kind of ammunition that the officers found on Sharp's person.

Sharp and the government stipulated that he had a prior felony conviction. He did not present any evidence in his defense. He raised a motion for judgment of acquittal before the jury rendered its verdict. The district court denied the motion, and the jury convicted Sharp of being a felon in possession of a firearm.

A probation officer prepared a presentence investigation report ("PSR"). The PSR calculated a total offense level of 22, which included an enhancement for a stolen firearm. It also calculated a Criminal History Category of III. It therefore calculated a Guidelines imprisonment range of 51 to 63 months. The PSR noted that "[t]he probation officer has not identified any factors that

No. 14-51061

would warrant a departure from the applicable sentencing guideline range" or "any factors under 18 U.S.C. § 3553(a) that may warrant a variance and imposition of a non-guideline sentence." Neither the government nor Sharp objected to the PSR.

At the sentencing hearing, the court announced that it planned to "depart upward in this case by two levels" because, "while there's no specific victim for the offense of being in possession of a firearm by a convicted felon, the circumstances involved the association of Mr. Sharp with a special needs adult of which he took advantage of in many different ways." By increasing the offense level by two levels, the imprisonment range became 63 to 78 months. The court then gave Sharp and his counsel an opportunity to respond, and both asked the court to follow the Guidelines. The court orally imposed an above-Guidelines sentence of 78 months of incarceration.

About a week after the sentencing hearing, the court *sua sponte* vacated this sentence because it had not given Sharp advance notice of an upward departure.[1] In this order, the district court stated that it would instead impose "a term of incarceration of 63 months, which is within the Guideline range." The court's written judgment provided for this sentence of 63 months of imprisonment.

## DISCUSSION

Sharp challenges his conviction, arguing that there was insufficient evidence that he possessed a firearm. He also challenges the reasonableness of his sentence. We deal with each challenge in turn.

---

[1] This order was apparently issued pursuant to Federal Rule of Criminal Procedure 35(a), which provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Sharp does not argue on appeal that the district court lacked authority to vacate the sentence and impose a new sentence.

No. 14-51061

## A. Challenge to the Conviction

Sharp first challenges his conviction, arguing that there was insufficient evidence for the jury to find that he had possessed the firearm that was found by Officers Evans and Brewer.[2]  Sharp preserved this challenge by filing a motion for judgment of acquittal, so we review the court's denial of the motion de novo.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).  "Therefore, we determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt."  *Id.* (internal quotation marks and alteration omitted).  "We review the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict."  *Id.* (internal quotation marks omitted).

Here, a rational jury easily could have found beyond a reasonable doubt that Sharp actually possessed the firearm before discarding it.  As described above, when Sharp was arrested, .380 caliber ammunition was found on his person.  He told the police that he had the ammunition because he had gone target shooting with his friends, effectively admitting that he had possessed a firearm, even if it was no longer in his possession.  After he was booked into the jail, Officer Harrison heard him say that the Waco Police Department had failed to find a gun that he had "tossed right beside him."  When police officers returned to the scene, they found a .380 caliber gun a few feet away from where they had originally apprehended Sharp.  When viewed in the light most favorable to the government, the government's evidence was more than sufficient for the jury to find beyond a reasonable doubt that Sharp had possessed the firearm that the police later located.[3]

---

[2] Sharp does not challenge the sufficiency of the evidence as to the other elements of the offense of conviction.

[3] Sharp also mentions that "the jury was arguably misinformed by the trial judge" when, in response to a jury question, the court "indicated that no firearms registration is required by law in Texas."  Sharp did not object to the district court's instruction to this effect.

No. 14-51061

## B. Challenges to the Sentence

We review the reasonableness of a sentence for abuse of discretion. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).[4] We first ask whether the district court "err[ed] procedurally by, for example, miscalculating or failing to calculate the sentencing range under the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* "If the sentence is procedurally proper, the court engages in a substantive review based on the totality of the circumstances." *Id.* "[A] sentence within the Guidelines range is presumed reasonable on appeal." *Id.*

Sharp seems to raise procedural and substantive challenges to his sentence. His first procedural challenge is based on the district court's failure to explain the sentence.[5] A sentence that is within the Sentencing Guidelines

Thus, plain error review applies. Sharp fails to argue that any purported error affected his substantial rights, so his challenge fails. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (providing that, for plain error review, the appellant must show that the error "affected the appellant's substantial rights").

[4] The Government argues that we should review the reasonableness of the sentence for plain error because Sharp did not object to the sentence. But plain error review does not apply if Sharp lacked the opportunity to object to the sentence. Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party."). Sharp did not have a chance to object to the district court's articulation of its reasons for the sentence. In contrast, by requesting only a within-Guidelines sentence at the sentencing hearing, he arguably forfeited any objection to the substantive reasonableness of a within-Guidelines sentence. Regardless, because we conclude that the district court did not abuse its discretion, let alone plainly abuse its discretion, we need not determine whether he forfeited the issue.

[5] Sharp also "point[s] out that the prosecution never tendered as evidence at the sentencing hearing any tangible evidence to support the stolen gun enhancement," which is "somewhat troubling to [him]." Assuming that Sharp is attempting to challenge the stolen gun enhancement provided in the PSR, this challenge is meritless. The PSR had an adequate evidentiary basis because it was based upon police reports that provided that the serial number of the gun collected at the scene "came back as reported stolen." Thus, because Sharp failed to offer evidence rebutting the PSR's factual assertion that the gun was stolen, the

generally requires "little explanation." *Mondragon-Santiago*, 564 F.3d at 362 (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)) (internal quotation marks omitted). More is required, however, "if the parties present legitimate reasons to depart from the Guidelines." *Id.*

Here, Sharp did not present *any* reasons to depart from the Guidelines. He did not object to the PSR or file a sentencing memorandum requesting a downward variance or downward departure from the Guidelines. Further, when the district court orally informed Sharp and his counsel that it planned to apply an upward departure, both responded only that they hoped the court would impose a within-Guidelines sentence. The order vacating the orally imposed sentence provided that the court was imposing "a term of incarceration of 63 months, which is within the Guidelines range." The order therefore made it clear that 63 months' imprisonment was selected because it was within the Guidelines range. The Statement of Reasons also provided that the court "adopt[ed] the presentence investigation report without change" and stated that "[t]he sentence is within an advisory guideline range that is not greater than 24 months, and the [c]ourt finds no reason to depart."

We conclude that the "[c]ircumstances . . . make clear that the judge rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge . . . found that the case before him [was] typical." *Rita v. United States*, 551 U.S. 338, 357 (2007). Further, because the Guidelines range of imprisonment was 51 to 63 months, a range of less than 24 months, the district court was not required to explain why it

---

district court was entitled to adopt it as a fact. *See United States v. Stalnaker*, 571 F.3d 428, 441 (5th Cir. 2009) ("A district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence." (quoting *United States v. Alford*, 142 F.3d 825, 831–32 (5th Cir. 1998) (internal quotation mark omitted)).

selected a particular sentence within that range. *United States v. Akpan*, 407 F.3d 360, 378 (5th Cir. 2005); *see also* § 3553(c)(1) (providing that district court shall explain "the reason for imposing a sentence at a particular point within the range" if the Guidelines "range exceeds 24 months"). We conclude that, given Sharp's failure to argue for a downward departure or variance from the Guidelines, the district court's explanation of the sentence was sufficient.[6]

Sharp also apparently challenges the district court's failure to consider the § 3553(a) sentencing factors when it resentenced him. We assume without deciding that the district court was required to reconsider the § 3553(a) factors when it issued a revised judgment under Rule 35(a). *Cf. United States v. Lightfoot*, 724 F.3d 593, 598–99 (5th Cir. 2013) (holding that a district court is not required to reconsider the § 3553(a) factors in resolving a Rule 35(b) motion to reduce a sentence based on substantial assistance to the government). We hold that, even assuming that the district court was required to reconsider the § 3553(a) factors, it adequately did so here.

"We afford great deference to sentences within the Guidelines range, and we 'infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a).'" *Mondragon-Santiago*, 564 F.3d at 365 (quoting *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)). Such an inference is warranted here because the court imposed a within-Guidelines sentence. Further, although the district court did not explicitly discuss each § 3553(a) factor, it was not required to do so. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (holding that a district court "need not engage in robotic incantations that each statutory [§ 3553(a)] factor has been considered"

---

[6] Sharp does not challenge the fact that the explanation of the sentence was not performed "in open court" at the sentencing hearing, as provided in § 3553(c).

No. 14-51061

(internal quotation marks omitted)).  Moreover, the district court *did* explicitly consider some of the factors by imposing a sentence within the Guidelines range and adopting the PSR.  By basing its sentence on the Guidelines, the court explicitly considered the Guidelines range, the factor contained in § 3553(a)(4)(A).  And by adopting the PSR, the court adopted statements about "the nature and circumstances of the offense and the history and characteristics of the defendant," thereby explicitly considering another statutory factor, § 3553(a)(1).  We hold that the district court therefore did not procedurally err by failing to consider the § 3553(a) factors when it resentenced Sharp.

The final question is whether Sharp's sentence was substantively reasonable.  Again, in this circuit, "a sentence within the Guidelines range is presumed reasonable on appeal."  *Mondragon-Santiago*, 564 F.3d at 360.  Sharp does not point to any particular reason why his within-Guidelines, 63-month sentence was unreasonable.  Instead, his appellate brief merely asserts that "[a] sentence much closer to the properly-calculated lower end of the guidelines range would have been more than adequate to satisfy the requisite policy concerns." "A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  Sharp has therefore failed to rebut the presumption that his sentence was reasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

9