17-901-cr
*U.S. v. Salinas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand eighteen.

PRESENT:    ROBERT D. SACK,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            v.                                          17-901-cr

GILBERTO SALINAS DORIA, also known as "EL GUERO GIL," also known as GILBERTO GARZA GARCIA,
                    *Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      The Clerk of Court is respectfully instructed to amend the caption as set forth above.

FOR APPELLEE:                              Michael D. Lockard, Anna M. Skotko, Sarah
                                           Kathleen Eddy, Assistant United States
                                           Attorneys, *for* Geoffrey S. Berman, United
                                           States Attorney for the Southern District of
                                           New York, New York, New York.

FOR DEFENDANT-APPELLANT:                   Israel Arana, Law Office of Israel Arana,
                                           Winder, Georgia.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED.**

Defendant-appellant Gilberto Salinas Doria ("Salinas") appeals from an amended judgment of conviction entered March 3, 2017, following the Government's motion to reduce Salinas's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The amended judgment sentenced Salinas principally to 322 months' imprisonment, a reduction of only two months from his prior sentence of 324 months. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

From at least 1994 through 1999, Salinas was a leader of a Mexican drug-trafficking organization known as the Juarez Cartel. Salinas coordinated the transportation of at least 200 tons of cocaine from Mexico to the United States. He was eventually charged in the Southern District of New York with conspiring to import a

controlled substance, in violation of 21 U.S.C. § 963, and conspiring to distribute and to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. In January 2007, he was extradited to the United States.

On December 9, 2008, Salinas pleaded guilty to both counts of the Indictment, pursuant to a plea agreement. On December 2, 2009, the district court (Lynch, *J.*) sentenced Salinas principally to 324 months' imprisonment, to run from the date of his arrest in Mexico in 1999.

Both before and after his sentencing, Salinas attempted to cooperate with the government. Eventually, in 2013, the government filed a Rule 35(b) motion to reduce Salinas's sentence for substantial assistance. The government, however, requested that the sentence be reduced by no more than six months. The Amended PSR prepared by the Probation Office recommended that Salinas's sentence be reduced from 324 to 318 months' imprisonment, agreeing with the Government that any sentence reduction should be limited in scope.

On March 3, 2017, the district court held a hearing on the government's Rule 35(b) motion. After hearing from the parties, the district court (Marrero, *J.*) granted a reduction of only two months, imposing a sentence of 322 months' imprisonment.

On appeal, Salinas argues that the district court (1) failed to properly consider sentencing disparities between his sentence and sentences imposed on others,

3

and (2) relied on information provided by the government in breach of the terms of a purported proffer agreement.

## I.    Sentencing Disparity

A court can "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Rule 35(b) allows a district court to reduce a sentence if the defendant provided "substantial assistance." Fed. R. Crim. P. 35(b)(2).

An appeal from a Rule 35(b) motion is governed by 18 U.S.C. § 3742, which confers limited appellate jurisdiction over appeals of otherwise final sentences. *United States v. Doe*, 93 F.3d 67, 67-68 (2d Cir. 1996) (per curiam). A defendant's right to appeal is limited by § 3742 to cases in which the sentence imposed was "(1) in violation of the law; (2) a misapplication of the Guidelines; (3) an upward departure from the Guidelines; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines." *Id.* at 68 (quoting *United States v. Lawal*, 17 F.3d 560, 562 (2d Cir. 1994)).

Courts agree that substantial assistance to the government is a prerequisite to Rule 35(b) relief. *United v. Tadio*, 663 F.3d 1042, 1046-47 (9th Cir. 2011) (collecting cases). They do not agree, however, about whether factors other than substantial assistance -- including the "the need to avoid unwarranted sentence disparities" under 18 U.S.C. § 3553(a)(6) -- play a role in determining the extent of a sentence reduction. *Id*. at 1047-48. *Compare United States v. Grant*, 636 F.3d 803, 816 (6th

4

Cir. 2011) (en banc) ("[O]ur conclusion [is] that Rule 35(b) does not require or authorize consideration of § 3553(a) factors."), *with United States v. Manella*, 86 F.3d 201, 204 (11th Cir. 1996) (per curiam) ("Rule 35(b) does not prohibit the consideration of these factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance."). No circuit has held, however, that a district court *must* consider the § 3553(a) factors. *United States v. Lightfoot*, 724 F.3d 593, 598 (5th Cir. 2013) ("Although a number of circuits have held that a district court *may* consider the § 3553(a) factors in ruling on a Rule 35(b) motion, none has held that a district court *must* consider the factors.") (collecting cases). While we have not directly addressed the issue, we need not resolve it here.

Even assuming the district court was required to consider the purported sentencing disparity, the district court did so here. The district court noted that Salinas pleaded guilty to different offenses and was involved in a more extensive criminal operation than his proposed comparators, and he had a more extensive criminal history. These reasons provided ample justification for any disparity between Salinas's sentence and the sentences imposed on others.

## II. Proffer Agreement

Salinas also argues that the district court improperly relied on information protected by the terms of a proffer agreement. We disagree. As the government notes, there was no proffer agreement. Even if such an agreement did exist, insofar as Salinas

argues that the information was false and misleading, he fails to provide any specifics and has not established any basis for relief under § 3742 in this respect.

We have considered Salinas's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk