# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2022

Lyle W. Cayce
Clerk

No. 20-11235
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CY VIATOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3446

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Cy Viator, federal prisoner # 84803-379, is serving a 140-month sentence for conspiracy to distribute oxycodone and hydrocodone and unlawful use of a communication facility. He appeals the district court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11235

§ 3582(c)(1)(A). In his brief, Viator argues that the district court should have granted his motion because his medical records showed that he was at risk for severe illness due to COVID-19. As to the district court's finding that he failed to demonstrate that he would not be a danger to society if released, Viator argues that the threat of being sent back to prison would motivate him to follow the law. Further, he contends that release is warranted because his parents and daughter need his support.

We review the district court's denial of a motion for a sentence reduction under § 3582(c)(1)(A) for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). In conducting this review, we defer to the district court's application of the 18 U.S.C. § 3553(a) sentencing factors. *Id.* "[R]eversal is not justified where the appellate court might reasonably have concluded that a different sentence was appropriate." *Id.* (internal quotation marks and citation omitted).

A district court must consider the § 3553(a) factors "to the extent that they are applicable" before granting a defendant's motion for a sentence reduction. § 3582(c)(1)(A); *see also United States v. Lightfoot*, 724 F.3d 593, 597-98 (5th Cir. 2013). In this case, the district court considered proper § 3553(a) factors, specifically the nature and circumstances of Viator's offense, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, and to protect the public. There is no indication that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693. The district court provided detailed explanations of its reasons, supported by the record, for finding that

2

No. 20-11235

the § 3553(a) factors did not justify granting Viator's motion for a reduced sentence. In light of the deference we give to the district court's application of the § 3553(a) factors, the denial of Viator's motion was not an abuse of discretion. *See Chambliss*, 948 F.3d at 693.

Accordingly, the judgment of the district court is AFFIRMED. Viator's motion for the appointment of counsel is DENIED.